UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JAVON NOEL,

                       Plaintiff,

   -against-

THE CITY OF NEW YORK, POLICE OFFICER
JAMES M. FARAH (Shield 17496), and POLICE
OFFICERS AND SUPERVISORY POLICE
OFFICERS JOHN DOES 1-5,

                       Defendants.
-------------------------------------------------------------------------X

13 CV

COMPLAINT

JURY TRIAL DEMANDED

CV 13-5361

Plaintiff **JAVON NOEL**, by his attorney, Joel Berger, Esq., for his complaint alleges, upon information and belief, as follows:

### *NATURE OF THE ACTION*

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution and laws of the United States and the State of New York, including false arrest, false imprisonment, malicious prosecution, and excessive and unnecessary use of force, by employees of the New York City Police Department (NYPD),

### *JURISDICTION AND VENUE*

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

### *PENDENT JURISDICTION*

5. This Court also has jurisdiction over plaintiff's state law claims, pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

6. On July 23, 2012, within ninety days after the claims alleged in this complaint arose, a verified Notice of Claim was duly served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e.

7. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused by defendant City of New York.

8. This action is being commenced within one year and ninety days after the happening of the events upon which the claims are based.

## *JURY DEMAND*

9. Plaintiff demands trial by jury in this action.

## *PARTIES*

10. Plaintiff Javon Noel is a 29 year-old black man whose right leg has been amputated below the knee as a result of an accident. He wears a prosthesis. He has never been convicted of a crime.

11. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

12. At all times relevant herein, defendant James M. Farrah, Shield 17496, was a police officer employed by the NYPD, assigned to the 60th Precinct in Brooklyn, NY. He is currently assigned to the 61st Precinct, also in Brooklyn.

13. At all times relevant herein, defendants John Does 1-5 were police officers and supervisory police officers also employed by the NYPD. Plaintiff does not know the names or shield

2

numbers of John Does 1-5 at this time.

14. At all times relevant herein, defendants were acting as agents, servants and employees of defendant City of New York and the NYPD.

15. At all times relevant herein, all defendants were all acting under color of state law.

## *FACTS*

16. On Sunday, July 1, 2012, at approximately 8:00 P.M., in the vicinity of Surf Avenue and West 35th Street in the Coney Island section of Brooklyn, New York, plaintiff **JAVON NOEL** was arrested by New York City Police Officers.

17. Plaintiff was imprisoned for approximately 16 hours in police custody, at the 60th police precinct and then at Brooklyn Central Booking.

18. At arraignment plaintiff was released from Brooklyn Central Booking on his own recognizance at approximately 4:00 P.M. on July 2, 2012.

19. Plaintiff is fighting the charges for which he was arrested and expects to be completely exonerated.

20. The incident arose as plaintiff and his wife were exiting the Coney Island beach on a hot summer evening.

21. Plaintiff and his wife observed a police officer with a man in custody.

22. The officer was being followed by a second officer who was riding a motor scooter on the sidewalk.

23. Plaintiff can ride a bicycle despite his disability, but because of his disability he feels safer riding on the sidewalk.

3

24. In the recent past plaintiff had received a ticket for riding his bicycle on a sidewalk.

25. Upon observing the officer riding not merely a bicycle but a motorized scooter on the sidewalk, plaintiff commented to his wife that the officer wouldn't get a ticket

26. The officer who had the man in custody told plaintiff to "shut up."

27. Plaintiff responded by stating, "with all due respect, I was not talking to you," or words to that effect.

28. The officer who ordered plaintiff to "shut up" is James M. Farah, a Caucasian officer, Shield 17496, at the time assigned to the 60th precinct.

29. Farah took umbrage at plaintiff, ordered him to turn around and handcuffed him.

30. Farah then called for a police car and ordered plaintiff to enter it.

31. Plaintiff was unable to get into the car on his own while handcuffed due to his prosthetic leg.

32. Farah and another officer manhandled plaintiff and forced him into the car, injuring him and also damaging his prothesis to the point that it had to be replaced.

33. Plaintiff was taken in handcuffs to the 60th precinct and placed in a filthy holding cell.

34. Even though plaintiff was locked in a cell, the handcuffs were not removed.

35. Plaintiff was forced to climb up a staircase at the precinct while handcuffed and maneuver back down the staircase -- an extremely difficult task for a man with a prosthetic leg -- despite the fact that there was another holding cell available that would have spared him the necessity of having to go up and down stairs.

36. Plaintiff remained at the 60th Precinct until approximately 10:30 A.M. the following day, Monday, July 2, 2012, at which time he was transported in handcuffs to Brooklyn Central Booking.

37. Plaintiff did not get to see a judge until approximately 4:00 P.M., at which time he was released on his own recognizance after approximately 16 hours in custody.

38. Solely out of spite, Farah concocted charges against plaintiff (Docket # 2012KN054490) that have no basis in fact.

39. Farah charged plaintiff with "attempted" obstructing governmental administration, when in fact plaintiff had merely made a comment to his wife.

40. Farah also charged plaintiff with two counts of disorderly conduct (making unreasonable noise and using abusive or obscene language), causing a crowd to gather and causing Farah to fear for his safety, when in fact plaintiff did nothing of the sort and merely complained after being illegally arrested. Farah even made up an abusive and obscene quote, claiming that plaintiff had said things that in fact he did not say.

41. Farah also charged plaintiff with resisting arrest by going limp upon being handcuffed, when in fact plaintiff did nothing of the sort and was simply unable to maneuver due to his disability.

42. One or more NYPD supervisors had to approve the arrest and detention of plaintiff, and the false charges against him. Defendant Farah necessarily obtained the approval(s) from his supervisor(s), including one or more of the defendants Does 1-5.

43. Farah's determination to get back at plaintiff for insufficient respect is underscored

5

by his (i) leaving plaintiff handcuffed in a cell, (ii) forcing plaintiff to use stairs with a prosthetic leg while handcuffed and (iii) insisting on having plaintiff taken to Central Booking even though Farah could have issued a summons at the scene or a desk appearance ticket at the precinct.

44. Plaintiff has had numerous court dates in Criminal Court on the charges.

45. On January 23, 2013, the charges were dismissed.

46. Plaintiff was told that the dismissal was unconditional, and only later learned that in fact the dismissal was an Adjournment in Contemplation of Dismissal ("ACD") (CPL § 170.55).

47. Plaintiff promptly moved to withdraw the ACD as having been accepted under false pretenses. His motion to withdraw the ACD was granted on September 5, 2013.

48. A trial date has been set for October 22, 2013.

49. This is a case of an out-of-control police officer with a short fuse who grossly abused his authority merely to "teach a lesson" to a disabled bystander whom be felt was being insufficiently respectful during the officer's tour of duty on a hot summer evening. Plaintiff expects to be totally exonerated on all charges.

### FIRST CLAIM FOR RELIEF

50. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-49.

51. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### SECOND CLAIM FOR RELIEF

52. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-49 and 51.

by his (i) leaving plaintiff handcuffed in a cell, (ii) forcing plaintiff to use stairs with a prosthetic leg while handcuffed and (iii) insisting on having plaintiff taken to Central Booking even though Farah could have issued a summons at the scene or a desk appearance ticket at the precinct.

44. Plaintiff has had numerous court dates in Criminal Court on the charges.

45. On January 23, 2013, the charges were dismissed.

46. Plaintiff was told that the dismissal was unconditional, and only later learned that in fact the dismissal was an Adjournment in Contemplation of Dismissal ("ACD") (CPL § 170.55).

47. Plaintiff promptly moved to withdraw the ACD as having been accepted under false pretenses. His motion to withdraw the ACD was granted on September 5, 2013.

48. A trial date has been set for October 22, 2013.

49. This is a case of an out-of-control police officer with a short fuse who grossly abused his authority merely to "teach a lesson" to a disabled bystander whom be felt was being insufficiently respectful during the officer's tour of duty on a hot summer evening. Plaintiff expects to be totally exonerated on all charges.

### *FIRST CLAIM FOR RELIEF*

50. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-49.

51. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### *SECOND CLAIM FOR RELIEF*

52. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-49 and 51.

53. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers, detectives and supervisory officers.

54. The failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers, detectives and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

55. The official policies, practices and customs of the City of New York and the NYPD, alleged in ¶¶ 1-30, 32 and 33-34 violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### *THIRD CLAIM FOR RELIEF*

56. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-49, 51, and 53-55.

57. The conduct toward plaintiff alleged herein constituted false arrest, false imprisonment, malicious prosecution, the unnecessary and excessive use of force, and employee negligence.

58. The conduct toward plaintiff alleged herein subjected plaintiff to trauma, shock, debasement, shame, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, and suffering.

### *FOURTH CLAIM FOR RELIEF*

59. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-49, 51, 53-55, and 57-58.

60. At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

## *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against all individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        September 26, 2013

_____
JOEL BERGER
360 Lexington Avenue, 16th Fl.
New York, New York 10017
(212) 687-1425

**ATTORNEY FOR PLAINTIFF**